# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KARAMELION LLC, <br><br>            Plaintiff, <br><br>    v. <br><br> FIBAR USA LLC, <br><br>            Defendant. | Case No. 19-CV-06330 <br><br> Judge Sharon Johnson Coleman |

## MOTION AND MEMORANDUM IN SUPPORT OF
## DEFENDANT FIBAR USA LLC'S
## MOTION TO DISMISS UNDER RULE 12(b)(6)

Gregory C. Schodde
**MᴄAɴᴅʀᴇᴡs, Hᴇʟᴅ & Mᴀʟʟᴏʏ, Lᴛᴅ.**
500 West Madison Street, 34th Floor
Chicago, Illinois 60661
(312) 775-8000
(312) 775-8100 – fax
GSchodde@mcandrews-ip.com

**Attorney for Defendant, Fibar USA LLC**

# **TABLE OF CONTENTS**

I.     INTRODUCTION AND SUMMARY OF ARGUMENT ...........................4

II.    PLAINTIFF'S INVENTOR STATEMENTS FAIL TO COMPLY
WITH 35 U.S.C. § 25 AND 37 C.F.R. § 1.68 ..................................................7

    A.    Legal Standards ......................................................................7

        1.    A Complaint Must be Dismissed Under 12(b)(6) if the
Facts Plead Lack a Cognizable Legal Theory ...........................7

        2.    Inventor Declarations Must Comply with 35 U.S.C. § 25
and 37 C.F.R. § 1.68 .....................................................8

        3.    A Patent can be Deemed Invalid on a Motion to Dismiss ........10

    B.    Patents-In-suit are Invalid due to Inventor Statements Failing to
Comply with 35 U.S.C. § 25 (b) .........................................11

    C.    The Patents-In-suit are Invalid due to Inventor Statements
Failing to Comply with 37 C.F.R. § 1.68 .............................13

    D.    The Invalid Declarations Cannot be Cured .........................13

III.    PLAINTIFF FAILED TO PLEAD FACTS SUFFICIENT FOR
DIRECT OR INDIRECT INFRINGEMENT ................................................15

    A.    Legal Standard: A Complaint Must be Dismissed Where the
Requisite Knowledge Needed for Induced Infringement
Postdates Patent Expiration .................................................15

    B.    Plaintiff Failed to Plead Facts that Defendant Had Knowledge
of the Patent Prior to its Expiration to Support Inducement ...............13

IV.    THE ASSERTED CLAIMS ARE INDEFINITE AND THUS
INVALID DUE TO MIXED APPARATUS AND METHOD
LIMITATIONS ..............................................................20

    A.    Legal Standard: A Patent May Not Mix Apparatus and Method
Limitations Within One Claim .........................................20

B.    The Asserted Claims are Indefinite for Mixing Apparatus and Method Claims and are Invalid .......................................................... 22

V.    CONCLUSION ............................................................................................ 24

**TABLE OF AUTHORITIES**

## Cases

*Aatrix Software, Inc. v. Green Shades Software, Inc.*,
  882 F.3d 1121 (Fed. Cir. 2018) .............................................................................7

*Astrazeneca LP v. Apotex, Inc.*,
  633 F.3d 1042 (Fed. Cir. 2010) .................................................................. 12, 15

*Babbage Holdings, LLC v. Activision Blizzard, Inc.*,
  2014 WL 2115616 (E.D. Tex. 2014).....................................................................13

*Baxter Int'l, Inc. v. McGaw, Inc.*,
  149 F.3d 1321 (Fed. Cir. 1998) .......................................................................3, 6

*buySAFE, Inc. v. Google, Inc.*,
  765 F.3d 1350 (Fed. Cir. 2014) ...........................................................................8

*Cascades AV LLC v. Evertz Microsystems Ltd.*,
  335 F. Supp. 3d 1088 (N.D. Ill. 2018)...................................................................3

*Clinicomp Int'l, Inc. v. Cerner Corp.*,
  No. 17CV2479-GPC(BLM), 2018 WL 2229364 (S.D. Cal. May 16, 2018) 12, 16

*Commerce Oil Ref. Corp. v. Miner*,
  22 F.R.D. 5 (D.R.I. 1958)......................................................................................4

*Content Extraction & Transmission LLC v. Wells Fargo Bank*,
  776 F.3d 1343 (Fed. Cir. 2014) ...........................................................................7

*DSU Medical Corp. v. JMS Co., Ltd.*,
  471 F.3d 1293, 81 U.S.P.Q.2d 1238 (Fed. Cir. 2006).................................. 12, 16

*England v. Richmond*,
  419 F.2d 1156 (7th Cir. 1969) ..............................................................................4

*Ex parte Gray*,
  10 USPQ2d 1922 (BPAI 1989) .............................................................................9

*Ex Parte Jay Neitz & Maureen Neitz*, No. APPEAL 2016-000748, 2017 WL
  745084 (P.T.A.B. Feb. 22, 2017) .........................................................................9

*Ex Parte Mitchell R. Swartz*,
  No. APPEAL 2012-012622, 2016 WL 5667636 (P.T.A.B. Sept. 28, 2016) .........9

*Ex Parte Thomas H. Haydon, Michael J. Ortman, Steve Anderson, & Eric Schwaigert*,
  No. APPEAL 2010-011645, 2013 WL 5397786 (P.T.A.B. Jan. 25, 2013)...........9

*In re Bill of Lading Transmission and Processing System Patent Litig.*,
  681 F.3d 1323 (Fed. Cir. 2012) ..................................................... 12, 15

*In re Kollar*,
  286 F.3d 1326 (Fed. Cir. 2002) ...........................................................20

*In re TLI Commc'ns LLC Patent Litig.*,
  87 F. Supp. 3d 773 (E.D. Va. 2015), *aff'd*, 823 F.3d 607 (Fed. Cir. 2016)...........7

*Internet Patents Corp. v. Active Network, Inc.*,
  790 F.3d 1343 (Fed. Cir. 2015) .............................................................7

*IPXL Holdings, L.L.C. v. Amazon.com, Inc.*,
  430 F.3d 1377, 77 U.S.P.Q.2d 1140 (Fed. Cir. 2005)................................. 18, 19

*Johnson Safety, Inc. v. Voxx Int'l Corp.*,
  No. 514CV02591ODWDTBX, 2017 WL 1407634 (C.D. Cal. Apr. 17, 2017)....................................................................................................2, 6

*Kearns v. Chrysler Corp.*,
  32 F.3d 1541 (Fed. Cir. 1994) .............................................................13

*Kimble v. Marvel Entm't, LLC*,
  135 S. Ct. 2401, 192 L. Ed. 2d 463 (2015) ................................... 13, 16

*Lecat's Ventriloscope, Plaintiff, v. Mt Tool And Manufacturing*,
  2018 WL 6067253 (N.D. Ill. 2018)................................................. 18, 21

*Nautilus, Inc. v. Biosig Instruments, Inc.*,
  572 U.S. 898, 134 S. Ct. 2120, 189 L. Ed. 2d 37 (2014) .....................17

*OIP Techs., Inc. v. Amazon.com, Inc.*,
  788 F.3d 1359 (Fed. Cir. 2015) .............................................................7

*ParkerVision, Inc. v. Qualcomm Inc.*,
  903 F.3d 1354 (Fed. Cir. 2018) ...........................................................20

*Rembrandt Data Technologies, LP v. AOL, LLC*,
  641 F.3d 1331, 98 USPQ2d 1393 (Fed. Cir. 2011)........................................ 3, 18

*Sears, Roebuck & Co. v. Stiffel, Co.*,
  376 U.S. 225 (1964) ...........................................................................13

*Ultramercial, Inc. v. Hulu, LLC*,
 772 F.3d 709 (Fed. Cir. 2014) ...................................................................................8

*Ward v. Rich*,
 No. EDCV081021AHMOP, 2009 WL 10673757 (C.D. Cal. Sept. 16,
 2009) ...........................................................................................................................4

**Statutes**

35 U.S.C. § 111 .............................................................................................. passim

35 U.S.C. § 25 ................................................................................................ passim

28 U.S.C. § 1746 .....................................................................................................2

35 U.S.C. § 282 .............................................................................................. passim

35 U.S.C. § 271 ................................................................................................ 3, 15

35 U.S.C. § 101 .......................................................................................................7

18 U.S.C. § 1001 .....................................................................................................2

35 U.S.C. § 115 (**Post-AIA**) ......................................................................... 10,11

35 U.S.C. § 115 (**Pre-AIA**) .......................................................................... passim

35 U.S.C. § 154 .....................................................................................................16

35 U.S.C. § 112 .....................................................................................................17

**Rules**

Fed. R. Civ. P. 8 ......................................................................................................4

Fed. R. Civ. P. 12 ....................................................................................................4

37 C.F.R. § 1.68 ............................................................................................. passim

**Other Authority**

Joe Matal, *A Guide to the Legislative History of the America Invents Act:
 Part I of II*, 21 Fed. Circuit B.J. 435, 492 (2012).................................................11

Defendant Fibar USA LLC., ("Fibar") moves under Rule 12(b)(6) to dismiss the Complaint for Patent Infringement (Dkt. No. 1) ("Complaint") for failure to state a claim upon which relief may be granted due to incurable defective inventor declarations that fail to conform with the statutory requirement to be considered a valid declaration under 35 U.S.C. § 25. Because a declaration that does not conform with the minimum requirements of the statute is not a valid declaration at all, the applications did not comply with 35 U.S.C. § 111 or § 115 and the patents are invalid. Further, the Plaintiff failed to plead sufficient facts to support direct or indirect infringement. Defendant also moves to dismiss the Complaint because the asserted claims are indefinite and thus invalid.

## I.    INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff Karamelion LLC, ("Plaintiff") filed its Complaint for Patent Infringement of Patent Nos. 6,275,166 ("'166 patent") and 6,873,245 ("'245 patent") against Fibar on September 23, 2019. (Dkt. No. 1) The deadline to answer or otherwise respond was extended to January 20, 2020. (Dkt. No. 17, Minute Entry for Time Extension). Plaintiff's Complaint must be dismissed because the inventor's required statements to the patent office under Pre-AIA[1] 35 U.S.C. §§ 111(a)(2)(C) and 115 were fatally defective, rendering the patents invalid.

---

[1] The version of the patent statutes and C.F.R. that applies to this issue is the version that was in effect between January 19, 1999 and March 29, 2005. Those statutes and rules are reproduced for convenience in Exhibit 3.

On July 15, 1999 and January 4, 2002, Plaintiff filed inventor statements for the '166 and '245 patents. Under 35 U.S.C. § 25 and 37 C.F.R. § 1.68, all inventor declarations must include a statement that warns the declarant that willful false statements are punishable by fine or imprisonment under 28 U.S.C. § 1001. 35 U.S.C. § 25. Further, all inventor declarations must include a statement where they acknowledge all the statements made are true. 37 C.F.R. § 1.68. Both Declarations fail to meet both of these requirements and thus, are invalid. 35 U.S.C. § 25; 37 C.F.R. § 1.68. (*See* Ex. 1 '166 Statement; Ex. 2, '245 Statement),[2] which both lack the required statutory language or any equivalent language. *Compare* 28 U.S.C. § 1746.

Invalid or defective inventor declarations render a patent invalid. 35 U.S.C. § 282; 35 U.S.C. § 111. Compliance with § 111 and § 115 is a condition for patentability and therefore a defense to patent infringement. *See* 35 U.S.C. § 282 (Invalidity of a patent due to a condition of patentability is a defense to patent infringement). *Also see Johnson Safety, Inc. v. Voxx Int'l Corp.,* No. 514CV02591ODWDTBX, 2017 WL 1407634 (C.D. Cal. Apr. 17, 2017) (holding a valid inventor oath is a condition of patentability and a ground for defense

---

[2] Neither declaration is mentioned in the complaint, but they are part of the official government record for the prosecution of the patents. Under these circumstances, absent any evidence the documents are not what they purport to be, the Court can take judicial notice of them and consider them on a motion to dismiss. *See* Fed. R. Evid. Rule 201; *Cascades AV LLC v. Evertz Microsystems Ltd.*, 335 F. Supp. 3d 1088, 1091 (N.D. Ill. 2018) (this District took judicial notice of patent application).

against infringement); *Baxter Int'l, Inc. v. McGaw, Inc.*, 149 F.3d 1321, 1333 (Fed. Cir. 1998) (holding patentee not entitled to a filing date until submission of a complete application). Thus, an inventor declaration that does not include the minimum statutory elements to make it a declaration renders the patent invalid and unenforceable.

Further, although the complaint alleges direct infringement, it is actually an indirect infringement case because the patent limitations are directed to a combination of devices operated in a particular way by third parties. As a matter of law, this is an indirect case under 35 U.S.C. § 271(b) or (c). To claim indirect infringement, Plaintiff must allege facts under which Defendant had the requisite knowledge and intent while the patent could be infringed--that is, during the term of the patent. Because the patents in suit were expired when notice occurred, Plaintiff is not entitled to relief.

The patents in suit are also indefinite and thus invalid for mixing method and apparatus limitations in the same claim. *Rembrandt Data Technologies, LP v. AOL, LLC*, 641 F.3d 1331, 1339–40, 98 USPQ2d 1393 (Fed. Cir. 2011). Claim limitations 1(a-c) are directed to apparatus; limitations (d) and (e) are directed to a process, and the final wherein clause limits the entire claim to a specific use, where a specific additional method limitation is practiced. Therefore, the asserted claims are indefinite and the complaint should be dismissed.

## II. PLAINTIFF'S INVENTOR STATEMENTS FAIL TO COMPLY WITH 35 U.S.C. § 25 AND 37 C.F.R. § 1.68

### A. Legal Standards

#### 1. A Complaint Must be Dismissed Under 12(b)(6) if the Facts Plead Lack a Cognizable Legal Theory

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Federal Rules permit a district court to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Ward v. Rich*, No. EDCV081021AHMOP, 2009 WL 10673757, at *1 (C.D. Cal. Sept. 16, 2009). A motion to dismiss should be granted if "it appears that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim." *England v. City of Richmond*, 419 F.2d 1156, 1160 (7th Cir. 1969) (citation omitted). It is generally held that a motion to dismiss a pleading for failure to state a claim should not be granted unless it appears to a certainty that the pleader cannot possibly be entitled to relief under any state of facts which could be proved to support the allegations of the pleading. *Commerce Oil Ref. Corp. v. Miner*, 22 F.R.D. 5, 9–10 (D.R.I. 1958). Thus, a complaint should be dismissed if the facts show that plaintiff could not be entitled to any relief. *Id.*

### 2. Inventor Declarations Must Comply with 35 U.S.C. § 25 and 37 C.F.R. § 1.68

A valid inventor oath is a statutory requirement for obtaining a patent.[3] 35 U.S.C. § 111. "Such application shall include…an oath or declaration as prescribed by section 115." *Id*. Inventors may declare in lieu of oaths. 35 U.S.C. § 25(b). The declaration format is convenient since it avoids the requirement of appearance before a notary and taking an oath for signing. The Patent Office has considerable discretion in the form that a declaration may take, however one requirement set by Congress must be met:

> (a) The Director may by rule prescribe that any document to be filed in the Patent and Trademark Office and which is required by any law, rule, or other regulation to be under oath may be subscribed to by a written declaration in such form as the Director may prescribe, such declaration to be in lieu of the oath otherwise required.

> (b) Whenever such written declaration is used, **the document must warn the declarant that willful false statements and the like are punishable by fine or imprisonment, or both (18 U.S.C. 1001[A])**.

35 U.S.C. § 25, Declaration in lieu of oath. (Emphasis added).

As permitted by the statute, the patent office regulations expand on the statutory requirement. Besides the requirement of warning the inventor of the consequences of willful false statements, inventor declarations must also contain

---

[3] In order to make compliance with these statutes and regulations easier, the USPTO has created inventor declaration forms that include this language. These forms were available when Plaintiff filed their inventor statements.
*Compare* https://www.uspto.gov/sites/default/files/forms/sb0001.pdf.

language that all the inventor's statements are made from their own knowledge and are believed to be true. 37 C.F.R. § 1.68.

> Such declaration may be used in lieu of the oath otherwise required, if, and only if, the declarant is on the same document, warned that willful false statements and the like are punishable by fine or imprisonment, or both (18 U.S.C. 1001 [A]) and may jeopardize the validity of the application or any patent issuing thereon. The declarant must set forth in the body of the declaration that **all statements made of the declarant's own knowledge are true and that all statements made on information and belief are believed to be true**.

37 C.F.R. § 1.68.  Declaration in lieu of oath. (Emphasis added).

Compliance with § 111 is a condition for patentability and therefore a defense to patent infringement. Further, invalid or defective inventor declarations render a patent invalid. 35 U.S.C. § 282; 35 U.S.C. § 111.  Thus, an inventor declaration that fails to meet a statutory requirement is a defense to patent infringement. *Id*. *See Johnson Safety, Inc.*, 2017 WL 1407634, at *5 (holding a valid inventor oath is a condition of patentability and a ground for defense against infringement); *Baxter Int'l, Inc.*, 149 F.3d 1321 at 1333 (holding both statute and regulation clarify the requirement that an application must include a specification containing claims and a drawing, and omitting any of these component parts makes a patent application incomplete and thus not entitled to a filing date). As a result, a patent is invalid if the inventor declarations fail to warn the inventor of the consequences of willful false statements and fail to contain language that all the inventor's statements are made

9

from their own knowledge and are believed to be true. 35 U.S.C. § 25; 37 C.F.R. § 1.68. Without these minimum requirements, the inventor has not submitted an oath as required by Congress.

### 3. A Patent can be Deemed Invalid on a Motion to Dismiss

Federal Courts have held that patent infringement cases may be dismissed due to patent invalidity at the pleadings stage. *In re TLI Commc'ns LLC Patent Litig.*, 87 F. Supp. 3d 773, 798 (E.D. Va. 2015), *aff'd*, 823 F.3d 607 (Fed. Cir. 2016). For example, Courts have resolved the Part II question of 35 U.S.C. § 101 patentable subject matter at an early stage by reasoning it presents a question of law devoid of factual considerations.

> We have held that patent eligibility can be determined at the Rule 12(b)(6) stage. This is true only when there are no factual allegations that, taken as true, prevent resolving the eligibility question as a matter of law. Indeed, we have explained that plausible factual allegations may preclude dismissing a case… where, for example, nothing on th[e] record ... refutes those allegations as a matter of law or justifies dismissal under Rule 12(b)(6).

*Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1125 (Fed. Cir. 2018) (citations omitted). Where there is a determination of patent invalidity, the Court can dismiss a patent infringement suit on the pleadings. *See Internet Patents Corp. v. Active Network, Inc.*, 790 F.3d 1343, 1349 (Fed. Cir. 2015); *OIP Techs., Inc. v. Amazon.com, Inc.*, 788 F.3d 1359, 1364 (Fed. Cir. 2015); *Content Extraction & Transmission LLC v. Wells Fargo Bank*, 776 F.3d 1343, 1349 (Fed. Cir. 2014);

*Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 717 (Fed. Cir. 2014); *buySAFE, Inc. v. Google, Inc.*, 765 F.3d 1350, 1352 (Fed. Cir. 2014).

**B.    The Patents-In-suit are Invalid because the Inventor Statements Do Not Comply with 35 U.S.C. § 25(b)[4]**

On January 19, 1999, the '166 patent application was filed in the United States Patent and Trademark Office ("USPTO"). (Dkt. No , 1, Ex. A) . On July 15, 1999, the inventor statement was filed. (Ex. 1, '166 Inventor Statement). On August 14, 2001, the '245 patent application was filed in the USPTO. (Dkt. No 1, Ex. B). On January 4, 2002, the inventor statement was filed. (Ex. 2, '245 Inventor Statement). No other inventor statements, "oaths", or declarations were filed before issuance of either patent.

The patents are invalid due to defective inventor statements that violate 35 U.S.C. § 25(b) and thus, are not the required oath.  (Ex. 1; Ex. 2). Under 35 U.S.C. § 25(b), all inventor declarations must "warn the declarant that willful false statements and the like are punishable by fine or imprisonment, or both." Both the '166 and the '245 inventor declarations fail to comply with 35 U.S.C. § 25(b). (Ex.

---

[4] Defendant acknowledges cases where courts found procedural irregularities are not defenses. *See Aristocrat Techs. Austl. Pty Ltd. v. Int'l Game Tech.*, 543 F.3d 657, 662 (Fed. Cir. 2008)(failure to revive patent application under 37 C.F.R. § 1.139 not a defense); *Magnivision Inc. v. Bonneau Co.*, 115 F.3d 956, 960 (Fed. Cir. 1997) (failure to file interview statement under 37 C.F.R. § 1.133 not a defense). However, these cases are distinguishable on the grounds that not one of these cases involve a clear statutory mandate that was violated. While the PTO can be deemed to waive a prosecution irregularity through their internal rules, the PTO cannot waive a statutory requirement like 35 U.S.C. §§ 25(b), 111, and 115.

1; Ex. 2). Neither inventor statement uses the language "willful false statements," or "fine or imprisonment." *Id*. The inventor statements fail to even allude to the consequences of making willfully false statements within the declaration. *Id*. The '166 and '245 inventor statements do not meet the conditions for patentability set by Congress in sections 111 and 115 and the patents are invalid.

The formal requirement of a declaration with a proper oath is substantive, not a procedural quibble that can be waived despite the clear statutory language. In *Ex Parte Jay Neitz & Maureen Neitz*, No. APPEAL 2016-000748, 2017 WL 745084, at *2-3 (P.T.A.B. Feb. 22, 2017), the PTAB held that during prosecution of the patent, the Examiner rightfully disregarded an unsworn inventor statement.

> The reason for requiring evidence in declaration or affidavit form is to obtain the assurance that any statements or representations made are correct, as provided by 35 U.S.C. § 25 and 18 U.S.C. § 1001." *Ex parte Gray*, 10 USPQ2d 1922, 1928 (BPAI 1989). The Neitz Statement lacks a statement or oath recognizing that false statements are subject to punishment under 18 U.S.C. § 1001 and, as such, lacks the indicia of accuracy and reliability necessary to serve as evidence. Thus, the Neitz Statement is not entitled to a presumption of accuracy and truthfulness, like a signed oath or declaration. It will not be treated as evidence…

*Id* at. *3. *See Ex Parte Mitchell R. Swartz*, No. APPEAL 2012-012622, 2016 WL 5667636, at *19 (P.T.A.B. Sept. 28, 2016); *Ex Parte Thomas H. Haydon, Michael J. Ortman, Steve Anderson, & Eric Schwaigert*, No. APPEAL 2010-011645, 2013 WL 5397786, at *6 (P.T.A.B. Jan. 25, 2013). Similarly, the '166 and '245 inventor declarations lack a presumption of accuracy and truthfulness and as such fail to

12

comply with 35 U.S.C. § 25(b). *See Neitz*, No. APPEAL 2016-000748, 2017 WL 745084, at *2-3 (P.T.A.B. Feb. 22, 2017). The public is entitled to the statutory minimum requirement from the inventor's oath; it cannot be waived.

### C. The Patents-In-suit are Invalid Because the Inventor Statements Do Not Comply with 37 C.F.R. § 1.68

The patents are also invalid because the inventor statements violate 37 C.F.R. § 1.68. (Ex. 1; Ex. 2) Besides warning that "willful false statements and the like are punishable by fine or imprisonment," the statute requires that the "declarant must set forth in the body of the declaration that all statements made of the declarant's own knowledge are true and that all statements made on information and belief are believed to be true." The '166 and '245 statements fail to include either statement. (Ex. 1; Ex. 2) Neither statement contains any language regarding the statements made within it are believed to be true. *Id*. The statements violate 37 C.F.R. § 1.68, rendering the patents invalid. 35 U.S.C. § 282; 35 U.S.C. § 111. Plaintiff is not entitled to relief for an invalid patent, and their complaint should be dismissed.

### D. The Invalid Declarations Cannot be Cured

Plaintiff cannot remedy the invalid inventor '166 and '245 inventor statements. Although there is a "savings" clause within 35 U.S.C. § 115 (**Post-AIA**) that allows applicants to remedy defective declarations, the clause is not applicable to the '166 and '245 declarations. *See* 35 U.S.C. § 115 (h)(3) (**Post-AIA**). Plaintiff cannot remedy the defective '166 and '245 declarations under 35 U.S.C § 115 (h)(3)

(**Post-AIA**) because the clause applies only to applications filed on or after September 16, 2012, and even if it was given retroactive effect, post AIA section 115 requires the substitute declaration to be filed before the issue fee is paid – and the issue fee in these cases was paid 15-20 years ago. Applications filed before September 16, 2012 are subject to 35 U.S.C. § 115 (**Pre-AIA**), which does not contain a "savings" clause.

Congress' intent in adding a "savings" clause was to allow patent owners to have a second chance before their patent could be held invalid for failure to adhere to requirements of inventor declarations. *See* Joe Matal, A *Guide to the Legislative History of the America Invents Act: Part I of II*, 21 Fed. Circuit B.J. 435, 492 (2012); H.R. Rep. No. 110-259, America Invents Act (2008) (Conf. Rep.).[5] The "savings" clause was included to prevent an invalidity or unenforceability challenge to a patent based on failing to comply with the oath/declaration requirements, with the caveat that the substitute declaration was filed before the patent issue fee was paid. *Id.* However, because this amendment to 35 U.S.C. § 115 (h)(3) (**Post-AIA**) occurred long after the patents in suit were issued, much less filed, the inventor statements cannot be cured.

---

[5] *See* https://www.govinfo.gov/content/pkg/CRPT-110srpt259/html/CRPT-110srpt259.htm

## III.  PLAINTIFF FAILED TO PLEAD FACTS SUFFICIENT FOR DIRECT OR INDIRECT INFRINGEMENT

### A. Legal Standard: A Complaint Must be Dismissed Where the Knowledge Needed for Induced Infringement Postdates Patent Expiration

Induced infringement requires the Defendant to have specific knowledge of the patent before the patent's expiration. *See In re Bill of Lading Transmission and Processing System Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012) (To survive a motion to dismiss an induced infringement claim, Plaintiff must allege "facts plausibly showing that [the defendant] specifically intended their customers to infringe the [patent at issue] and knew that the customer's acts constituted infringement."). Induced infringement requires showing direct infringement and knowledge of that infringement. *DSU Medical Corp. v. JMS Co., Ltd.,* 471 F.3d 1293, 1304, 81 U.S.P.Q.2d 1238, 1246 (Fed. Cir. 2006). Where an accused device has substantial noninfringing uses, the characteristics of the accused product alone may not support an inference of an intent to induce infringement. *Astrazeneca LP v. Apotex, Inc.*, 633 F.3d 1042, 1059–60 (Fed. Cir. 2010). Instead, a patentee will need to introduce other evidence that shows a specific intent by the accused infringer to cause someone to engage in an infringing act. *Id.*

A complaint must be dismissed where the requisite knowledge needed for induced infringement stems from an expired patent. *Clinicomp Int'l, Inc. v. Cerner Corp.*, No. 17CV2479-GPC(BLM), 2018 WL 2229364, at *2 (S.D. Cal. May 16,

2018); *Babbage Holdings, LLC v. Activision Blizzard, Inc.*, 2014 WL 2115616, *1-*2 (E.D. Tex. 2014). A patent cannot be infringed after its term has expired. *Kimble v. Marvel Entm't, LLC*, 135 S. Ct. 2401, 2407, 192 L. Ed. 2d 463 (2015)("And when the patent expires, the patentee's prerogatives expire too, and the right to make or use the article, free from all restriction, passes to the public.") *See Kearns v. Chrysler Corp.*, 32 F.3d 1541, 1550 (Fed. Cir. 1994) ("Because the rights flowing from a patent exist only for the term of the patent, there can be no infringement once the patent expires."); *Sears, Roebuck & Co. v. Stiffel, Co.*, 376 U.S. 225, 230 (1964) ("when the patent expires the monopoly created by it expires, too, and the right to make the article—including the right to make it in precisely the shape it carried when patented-passes to the public.") Therefore, Plaintiff must plead facts that Defendant knew of the patent before the patent's expiration date.

### B. Plaintiff Failed to Plead Facts that Defendant Had Knowledge of the Patent Prior to its Expiration to Support Inducement

Karamelion's complaint should be dismissed because Plaintiff is not entitled to relief for either direct or indirect infringement. As to direct infringement, the patents in suit are alleged to encompass a RF Remote Appliance Control/Monitoring Network. (Dkt. No. 1, Exs. A-B). Claim 1 of both the '166 and '254 patents is for a remote appliance monitoring network controller. (Dkt. No. 1; Ex A: Col. 9, Ln. 36-67; Ex B: Col. 14, Ln 64-67, Col. 15, Ln. 1-27)

These controllers have a "plurality of relay units." (*Id.*) Claim 1 further requires there must be at least two of these "relay units." (*Id.*) The specification of the '166 patent describes this plurality of relay units. (Dkt. No. 1; Ex A, Col. 7, Ln. 56-60). "A process 80 for controlling a distributed array of appliances by the Steps of Signaling by the main transmitter from the headend computer H the addresses of at least three relay units." (*Id.*)  See also (Dkt. No. 1; Ex A, Col. 7, Ln. 60-67, Col. 8, Ln. 1-11).  But the alleged infringing product, as Plaintiff has framed the Complaint, is a single controller unit. Nowhere does Plaintiff argue or allege that Fibaro sells a system of multiple units that collectively infringe claim 1 of either patent.  (Dkt. No. 1). If the claim, up to the wherein clause, is construed as a single unit, the wherein clause explicitly recites the method, steps, or process practiced by additional relay units as a claim limitation, so proof of direct infringement requires proof of operation in a larger system that practices that method. There is no allegation that Fibar has practiced that method and Fibar would at most, be an indirect, not a direct, infringer of the asserted claims.

Because of these limitations, Plaintiff had to allege indirect infringement. However, Plaintiff is not entitled to relief for indirect infringement, choosing instead to avoid the consequences of its indirect infringement case by trying to plead a direct infringement analysis. But to be a direct infringer, someone has to operate the system in the way described by the claim limitations, and that method of operation requires

17

additional "relay units" operated in a particular way. Defendants would have had to induce others to operate the accused devices in that way under 35 U.S.C. § 271(b). No matter how one reads the asserted claims, the patents in suit are not infringed unless they operate in the way claimed, using "multiple relay units." (Dkt. No. 1, Ex. A, Col. 7, Ln. 10-13). On their own, the accused products can't infringe. *See Astrazeneca LP*, 633 F.3d at 1059–60 (holding where a product has substantial noninfringing uses, intent to induce infringement cannot be inferred even when the alleged inducer has actual knowledge that some users of its product may be infringing the patent).

Plaintiff has failed to plead facts sufficient to meet the standard for knowledge to be an inducer under 35 U.S.C. § 271(b). To properly plead induced infringement, Plaintiff must allege "facts plausibly showing that [Plaintiff] specifically intended [its] customers to infringe the [asserted patents] and knew that the customers' acts constituted infringement." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323 at 1339. Defendants received notice of the alleged infringement with the complaint filed on September 23, 2019. (Dkt. No. 1). At that time, both patents in suit were expired. (Dkt. No. 1, Exs. A-B). The '245 patent claims priority to the '166 patent, which was filed January 19, 1999. *Id*. Both patents

expired on January 19, 2019,[6] eight months prior to the filing of Defendant's complaint.

Induced infringement requires showing direct infringement and knowledge of that infringement. *DSU Medical Corp.,* 471 F.3d 1293 at 1304. A patent cannot be infringed after its term has expired. *Kimble*, 135 S. Ct. 2401 at 2407. Plaintiff has failed to meet their knowledge burden of inducement. In *CliniComp*, Defendants successfully moved to dismiss a claim of induced infringement where the Defendant's alleged notice and knowledge stemmed from an expired patent within a complaint. *CliniComp*, 2018 WL 2229364, at *11. The court held that Plaintiff pled no facts that could plausibly support a claim that Defendants had pre-suit (let alone pre-expiration) knowledge of the patent. *Id*. The facts of *CliniComp* are similar to the facts here. In both cases, the requisite knowledge of inducement stemmed from an expired patent in a complaint. Plaintiff has pled no facts that could plausibly support that Defendant had pre-expiration knowledge, and therefore Plaintiff's direct and indirect infringement claim must be dismissed.

---

[6] See 35 U.S.C. § 154(a)(2) ("[S]uch grant shall be for a term beginning on the date on which the patent issues and ending 20 years from the date on which the application for the patent was filed in the United States.")

## IV. THE ASSERTED CLAIMS ARE INDEFINITE AND THUS INVALID DUE TO MIXED APPARATUS AND METHOD LIMITATIONS

### A. Legal Standard: Patent Claims Cannot Mix Apparatus and Method Limitations Within One Claim

The Patent Act requires that through the patent claims, an applicant must particularly point out and distinctly claim the subject matter which he regards as his invention. 35 U.S.C. § 112 (Pre-AIA). A claim within a patent is invalid for indefiniteness if the claim, read in light of the specification delineating the patent, and the prosecution history, fails to inform, with reasonable certainty, those skilled in the art about the scope of the invention. *Nautilus, Inc. v. Biosig Instruments, Inc.,* 572 U.S. 898, 901, 134 S. Ct. 2120, 2124, 189 L. Ed. 2d 37 (2014).

The Federal Circuit has held that a patent claim generally may not mix statutory classes by claiming simultaneously an apparatus and the method of using the apparatus. Accepting the PTO's practice that a claim with limitations of both an apparatus and method of using that apparatus is indefinite, the court explained:

> Whether a single claim covering both an apparatus and a method of use of that apparatus is invalid is an issue of first impression in this court. The Board of Patent Appeals and Interferences ("Board") of the PTO, however, has made it clear that reciting both an apparatus and a method of using that apparatus renders a claim indefinite under section 112, paragraph 2. *Ex Parte Lyell*, 17 U.S.P.Q.2d 1548, 1990 WL 354583 (Bd. Pat. App. & Interferences 1990). As the Board noted in *Lyell*, "the statutory class of invention is important in determining patentability and infringement." The Board correctly surmised that, as a result of the combination of two separate statutory classes of invention, a manufacturer or seller of the claimed apparatus would not know from the claim whether it might also be liable for contributory infringement

20

because a buyer or user of the apparatus later performs the claimed method of using the apparatus. Thus, such a claim "is not sufficiently precise to provide competitors with an accurate determination of the 'metes and bounds' of protection involved" and is "ambiguous and properly rejected" under section 112, paragraph 2. Id. at 1550–51. This rule is well recognized and has been incorporated into the PTO's Manual of Patent Examination Procedure. § 2173.05(p)(II) (1999).

*IPXL Holdings, L.L.C. v. Amazon.com, Inc*., 430 F.3d 1377, 1384, 77 U.S.P.Q.2d 1140 (Fed. Cir. 2005) (some citations omitted).

This was followed in *Rembrandt Data Technologies.* The Federal Circuit affirmed summary judgment of invalidity because an apparatus claim improperly included method steps where the claim recited, "A data transmitting device for transmitting signals corresponding to an incoming stream of bits, comprising: … [listing several structural components] and transmitting the trellis encoded frames," the court rejecting the patentee's argument that the "transmitting" limitation should be treated as a typographical error and rewritten by the court to be "a transmitter section for transmitting the trellis encoded frames."  641 F.3d 1331 at 1339.

Recently, this District held a claim was indefinite due to mixed apparatus and method claims. *See Lecat's Ventriloscope, Plaintiff, v. Mt Tool And Manufacturing*, 2018 WL 6067253, *12-13 (N.D. Ill. 2018) (apparatus claims to a training stethoscope, and reciting "a signal generator capable of generating an audio signal representing at least one sound, the signal generator being controlled by a human operator, wherein the human operator plays one or more appropriate audio files

according to a user's placement of a stethoscope headpiece on a patient," were invalid under *IPXL* because the wherein clause was claiming an act to be done by the human operator and not just a mere capability of the components of the claimed apparatus). This case presents the identical issue – the wherein clause recites additional method steps conducted outside the previously recited limitations.

### B. The Asserted Claims are Indefinite for Mixing Apparatus and Method Limitations and are Invalid

The asserted claims in suit are invalid due to indefiniteness. Both claims assert both apparatus and method limitations in one claim. Claim 1 of the asserted patents are nearly identical.

> 1. An appliance controller for a distributed appliance system having a headend computer, a multiplicity of appliances, and a plurality of relay units, one of the relay units being the appliance controller and comprising:
>
> **(a) a low power satellite radio transceiver having a range being less than a distance to at least some of the appliances;**
>
> **(b) an appliance interface for communicating with the at least one local appliance;**
>
> **(c) a microcomputer connected between the satellite radio transceiver and the appliance interface and having first program instructions for controlling the satellite transceiver and second program instructions for directing communication between the satellite transceiver and the appliance interface;**
>
> **(d) the first program instructions including detecting communications directed by the headend computer relative to the same appliance controller, signaling receipt of the directed communications, and directing communications to the headend computer relative to the same appliance controller; and**

22

>    **(e) the second program instructions including detecting relay communications directed between the headend computer and a different relay unit, transmitting the relay communications, detecting a reply communication from the different relay unit, and transmitting the reply communication to the headend computer**,
>
>    *wherein at least some of the relay units communicate with the headend computer by relay communications using at least two others of the relay units.*

(Dkt. No. 1; Ex A: Col. 9, Ln. 36-67; Ex B: Col. 14, Ln 64-67, Col. 15, Ln. 1-27)

Claim limitations 1(a-c) are written as apparatus limitations.[7] Apparatus claims cover what a device is, not what a device does. *ParkerVision, Inc. v. Qualcomm Inc.*, 903 F.3d 1354, 1361 (Fed. Cir. 2018). Claim limitations 1(a-c) depict the actual device, the controller. Claim limitations 1(d-e) are written as steps for a method, not as a structural apparatus. A method is a series of steps for performing a function or accomplishing a result. *In re Kollar*, 286 F.3d 1326, 1332 (Fed. Cir. 2002) "[A] process...consists of a series of acts or steps.... It consists of doing something, and therefore has to be carried out or performed." Claim limitations 1(d-e) state the steps the controller must take to send a message. The steps recited in Claim limitations 1(d-e) must be performed in order for "at least some of the relay units [to] communicate with the headend computer by relay communications using at least two others of the relay units," as required by Claim 1. If Plaintiff is urging that these

---

[7] Fibar reserves for now determinations regarding whether any limitation is a "means" or "step" for functional limitation limited to the precise steps described in the specification; resolution of that issue is not necessary for deciding this motion.

limitations are "means plus function" limitations, the corresponding portion of the specification states that the corresponding "means" is actually a process for performing a method, not a structure – these are reciting steps, or "step plus function", not a structural "means". (Dkt. No. 1; Ex A, Col. 7, Ln. 9-13; Col. 7, Ln. 56-65).

As the Northern District recently held in *Lecat's Ventriloscope*, combining apparatus and method limitations within one claim will render that claim indefinite, and thus invalid. Similar to *Lecat's Ventriloscope,* Plaintiff's asserted claims recite both apparatus and method limitations. The asserted claims are indefinite, and the complaint should be dismissed.

## V.     CONCLUSION

Fibar respectfully requests that the Court grant the Motion to Dismiss.

January 20, 2020                              Respectfully submitted,


                                             /s/ *Greg Schodde*
                                             Greg Schodde
                                             **MCANDREWS, HELD & MALLOY, LTD.**
                                             500 West Madison Street, 34th Floor
                                             Chicago, Illinois 60661
                                             (312) 775-8000
                                             (312) 775-8100 (Fax)
                                             GSCHODDE@mcandrews-ip.com
                                             *Counsel for Defendant, Fibar USA, LLC*