IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KARAMELION LLC,<br><br>                Plaintiff,<br><br>v.<br><br>FIBAR USA LLC,<br><br>                Defendant. | Case No. 19-CV-06330<br><br>Judge Sharon Johnson Coleman |

**MOTION AND MEMORANDUM IN SUPPORT OF
DEFENDANT FIBAR USA LLC'S MOTION TO STAY PROCEEDINGS**

The Defendant, Fibar USA LLC ("Defendant"), respectfully requests a stay of this litigation other than briefing and related activities regarding Defendant's Motion to Dismiss. (Dkt. No. 23; Motion to Dismiss). A stay will 1) simplify the issues and streamline the trial, 2) reduce the burden and cost of litigation on the parties and the court, and 3) will not unduly prejudice or tactically disadvantage the Plaintiff. Early resolution of Defendant's motion should lead to an early end to 10 identical lawsuits filed by this plaintiff and head off additional suits.

**I.    APPLICABLE LAW**

A court may stay proceedings as part of its inherent power "to control the disposition of the cases on its docket with economy of time and effort for itself, its counsel and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Tex.*

1

*Indep. Producers & Royalty Owners Ass'n v. EPA*, 410 F.3d 964, 980 (7th Cir.2005). The Court may stay discovery pending the resolution of dispositive motions, including motions to dismiss. *Rustom v. Rustom*, No. 17 C 9061, 2018 WL 2423508, at *5 (N.D. Ill. May 29, 2018). *See In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 337 (N.D. Ill. 2005) ("Stays are often deemed appropriate where the motion to dismiss can resolve the case."); *Florsheim Shoe Co. v. United States*, 744 F.2d 787, 797 (Fed.Cir.1984) (proper to enter order staying discovery pending resolution of motion to dismiss).

In deciding whether to grant a stay, courts will "balance the competing interests of the parties and the interest of the judicial system." *Markel Am. Ins. Co. v. Dolan*, 787 F.Supp.2d 776, 779 (N.D.Ill.2011) (citing *Landis*, 299 U.S. at 254–55 (The court "must weigh competing interests and maintain an even balance.")). Courts generally consider three factors when determining whether to grant a stay: (1) whether a stay will simplify the issues in question and streamline the trial; (2) whether a stay will reduce the burden of litigation on the parties and on the court; and (3) whether a stay will unduly prejudice or tactically disadvantage the non-moving party. *See Nicholson v. Nationstar Mortg. LLC of Del.*, No. 17-cv-1373, 2018 WL 3344408, at *4 (N.D. Ill. July 6, 2018).

## II. ARGUMENT

Within the past two years, Plaintiff has filed over 30 cases in various jurisdictions alleging the infringement of the patents-in-suit.[1] Plaintiff's multidistrict campaign has resulted in voluntary dismissals and 11 open cases.

### A. A Stay Will Simplify the Issues and Streamline the Trial

Staying the case will focus the court on three threshold issues that are common to every case filed by Plaintiff – the invalidity of the patent because of invalid inventor oaths, the unavailability of damages because the claims require additional third-party hardware not accused in the Complaint, and the invalidity of the asserted claims because there are mixed apparatus/method claims. (Dkt. No. 23; Motion to Dismiss). Courts have held that a stay should be granted until a threshold issue is decided by the court. *See DeSimone v. Danaher Corp.*, No. 17-cv-5232, 2018 WL 4181483, at *11 (N.D. Ill. Aug. 13, 2018) (granting stay of deadlines until resolution of the threshold issue of whether parties should be litigating the case at all). Defendant's motion to dismiss alleges three threshold issues. "As Defendants point out and Plaintiffs do not dispute, the pending Motion for Judgment on the Pleadings presents threshold legal questions. In addition, resolution of the Motion for

---

[1] *See* Case Nos.; 2:18cv330; 1:19cv413, 2:18cv331, 8:19cv1558, 1:19cv746, 1:19cv1394, 4:19cv3692, 5:19cv1833, 8:19cv1864, 1:18cv1671, 1:18cv1150, 1:18cv1670, 1:18cv1672, 1:19cv411, 1:19cv412, 1:19cv414, 1:19cv744, 1:19cv1202, 1:19cv1393, 1:19cv6329, 4:19cv6016, 4:19cv8451, 1:18cv1309, 1:18cv670, 1:18cv670, 2:18cv442, 3:19cv3692, 3:19cv6016, 3:19cv8451, 4:19cv689, 1:20cv142, 4:20cv341.

3

Judgment on the Pleadings could dispose of the entire case or at least simplify the issues presented in this action." *Zimmers v. Eaton Corporation*, 2016 WL 1322343, *2 (S.D. Ohio 2016).

### B. A Stay Will Reduce the Burden of Litigation on the Parties and the Court

A stay will reduce the burden of litigation on the parties and on the court. When analyzing the burden on the court and the parties, this Court has noted that a stay reduces motion practice and discovery. See *Zebra Techs. Corp. v. Typenex Med., LLC*, No. 18 C 4711, 2018 WL 6567076, at *4 (N.D. Ill. Dec. 13, 2018) (This Court granted stay in patent infringement case while threshold issue was being decided). In *Zebra Techs*, the court held that a stay would reduce the burden of litigation on both the parties and the Court by narrowing the discovery and motion practice. If a stay was granted, both parties would not have to move forward with discovery, which would lessen the burden on the parties, especially Plaintiff with numerous other open cases to tend to.

A stay would also reduce the Court's burden, by minimizing the allocation of judicial resources. Within this district alone, Plaintiff has filed three cases, all pending.[2] A stay will lift this Court's burden and minimize this Court's allocation of

---

[2] See 1:19cv6329 and 1:19cv6329.

resources. "One patent infringement case is complex enough, but creating two cases out of one, each with separate discovery deadlines, claim construction hearings, dispositive motions, and trials, is unnecessarily burdensome and an unwise allocation of judicial resources. "*Arris Solutions, Inc. v. Sony Interactive Entertainment LLC*, 2017 WL 4536415, *1-*3 (N.D. Cal. 2017. *See Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183 (1952) (conserving judicial resources justified stay in patent case subject to dual litigation). Therefore, a stay will reduce the burden on the court by conserving judicial resources.

### C. A Stay Will Not Unduly Prejudice or Tactically Disadvantage Plaintiff

A stay will not tactically disadvantage Plainitff by merely delaying discovery. *Trading Techs. Int'l, Inc. v. BCG Partners, Inc.*, 186 F. Supp. 3d 870, 877 (N.D. Ill. 2016) ("[T]he potential for delay 'does not, by itself, establish undue prejudice.") Further, a stay will not prejudice the Plaintiff because a stay does not influence Plaintiff's potential monetary damages. "A stay will not diminish the monetary damages to which [the patentee] will be entitled if it succeeds in its infringement suit—it only delays realization of those damages and delays any potential injunctive remedy." *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014). *See Zebra Techs. Corp.*, 2018 WL 6567076, at *4. ("Moreover, if Zebra prevails on its claims, Zebra may collect monetary damages for any infringement that occurs while the case is stayed.") *Also see j2 Glob., Inc. v. Integrated Glob.*

5

*Concepts, Inc.,* No. C-12-02971-RMW, 2013 WL 5688599, at *2 (N.D. Cal. Oct. 18, 2013) (no showing of irreparable harm arising from stay where plaintiff could recover damages if it ultimately succeeded on the merits). Here, the patents have expired – no injunction is possible regardless. Thus, Plaintiff will not be prejudiced.

### III. <u>CONCLUSION</u>

Granting the Defendant's requested stay will simplify the issues and prevent considerable wastes of resources, while causing no undue prejudice or disadvantage to the Plaintiff. The Defendant therefore respectfully requests, that the Court stay this litigation in its entirety until Judge Coleman renders her opinion regarding Defendant's Motion to Dismiss.

February 6, 2020　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　/s/ *Gregory C. Schodde*
　　　　　　　　　　　　　　　　　　Gregory C. Schodde
　　　　　　　　　　　　　　　　　　Amber J. Carpenter
　　　　　　　　　　　　　　　　　　**MCANDREWS, HELD & MALLOY, LTD.**
　　　　　　　　　　　　　　　　　　500 West Madison Street, 34th Floor
　　　　　　　　　　　　　　　　　　Chicago, Illinois 60661
　　　　　　　　　　　　　　　　　　(312) 775-8000
　　　　　　　　　　　　　　　　　　(312) 775-8100 (Fax)
　　　　　　　　　　　　　　　　　　GSCHODDE@mcandrews-ip.com
　　　　　　　　　　　　　　　　　　*Counsel for Defendant, Fibar USA, LLC*

# **ORDER**

**IT IS ORDERED,** that all proceedings and deadlines, in this case, be stayed until Judge Coleman issues a ruling on Defendant's Motion to Dismiss.

DATED:                */s/* _____

                             UNITED STATES DISTRICT JUDGE